1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CYRIL KOLOCOTRONIS,

                          Plaintiff,

                v.

DJ CUNNINGHAM,

                          Defendant.

Case No.  C05-5160RBL

REPORT AND
RECOMMENDATION TO DENY
APPLICATION TO PROCEED *IN
FORMA PAUPERIS*

Noted for June 24, 2005

        This case has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. §

636(b)(1) and Local MJR 3 and 4.  Plaintiff has filed a civil rights complaint under 42 U.S.C. § 1983 and

an application to proceed *in forma pauperis*.  To file a complaint and initiate legal proceedings, plaintiff

must pay a filing fee of $250.00 or file a proper application to proceed *in forma pauperis*.  Because

plaintiff has failed to respond to the court's order to show cause, the undersigned recommends the court

deny her application.

                                    DISCUSSION

        The court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper

affidavit of indigency.  *See* 28 U.S.C. § 1915(a).  However, the court has broad discretion in denying an

application to proceed *in forma pauperis*.  Weller v. Dickson, 314 F.2d 598 (9th Cir. 1963), *cert. denied*,

375 U.S. 845 (1963).  Several district courts have ruled that denial of *in forma pauperis* status is not

REPORT AND RECOMMENDATION
Page - 1

1   unreasonable when the plaintiff is able to pay the initial expenses required to commence a lawsuit.  See

2   Temple v. Ellerthorpe, 586 F.Supp. 848 (D.R.I. 1984); Braden v. Estelle, 428 F.Supp. 595 (S.D.Tex.

3   1977); U.S. ex rel. Irons v. Com. of Pa., 407 F.Supp. 746 (M.D.Pa. 1976); Shimabuku v. Britton, 357

4   F.Supp. 825 (D.Kan. 1973), aff'd, 503 F.2d 38 (10th Cir. 1974); Ward v. Werner, 61 F.R.D. 639 (M.D.Pa.

5   1974).

6           On March 7, 2005, the clerk received plaintiff's complaint and application to proceed in forma

7   pauperis. (Dkt. #1).  On April 4, 2005, the court ordered plaintiff to cure certain deficiencies in his

8   application by no later than May 4, 2005, or show cause why this matter should not be dismissed.  (Dkt.

9   #3).  To date, however, plaintiff has not responded to the court's order to show cause.

10                                       CONCLUSION

11          Because plaintiff has failed to respond to the court's order to show cause regarding her deficient

12   application to proceed in forma pauperis, the undersigned recommends the court deny that application.

13   Accordingly, the undersigned also recommends the court dismiss plaintiff's complaint unless she pays the

14   required $250.00 filing fee **within thirty (30) days** of the court's order.

15          Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 72(b),

16   the parties shall have ten (10) days from service of this Report and Recommendation to file written

17   objections thereto.  See also Fed.R.Civ.P. 6.  Failure to file objections will result in a waiver of those

18   objections for purposes of appeal.  Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit

19   imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set this matter for consideration on **June 24,**

20   **2005**, as noted in the caption.

21          Dated this 1st day of June, 2005.

22

23

24

25                                          Karen L. Strombom
                                            United States Magistrate Judge
26

27

28

REPORT AND RECOMMENDATION
Page - 2