UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CYRIL KOLOCOTRONIS, | Case No. C05-5160RJB |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| D.J. CUNNINGHAM and the WASHINGTON STATE SUPREME COURT JUSTICES except for JUSTICE ROSELLINI, | NOTED FOR: JULY 29th, 2005 |
| Defendants. | |

This 42 U.S.C. § 1983 Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4.  Plaintiff is a resident of a mental hospital located in Fulton, Missouri.  (See Dkt # 10, complaint, attached public opinion In Re Kolocotronis, 99 Wn. 2nd 147 (1983)).

He names in this action a former state judge who was sitting *Justice Pro Tempore* and authored the written opinion in his personal restraint petition.  He also names the Washington State Supreme Court Justices who joined in the opinion. (Dkt. # 10).   Justice Rosellini did not play a part in the opinion and is specifically excluded as a defendant.

The hand written complaint is extremely hard to read, however the court has been able to determine that plaintiff alleges some of the facts listed in the opinion are not true and he sues because the

REPORT AND RECOMMENDATION
Page - 1

1  opinion is now available on the internet. (Dkt. # 10). He asks the court to order his version of the facts
2  set forth on the same web-site as the opinion. He also asks for removal of the written opinion from the
3  internet and for a minimum of $500,000 in damages. (Dkt. # 10). After reviewing the complaint the
4  undersigned recommends that the action be **DISMISSED WITH PREJUDICE** for failure to state a
5  claim.

6  In order to state a claim under 42 U.S.C. § 1983, a complaint must allege that (l) the
7  conduct complained of was committed by a person acting under color of state law and that (2) the
8  conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of
9  the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), *overruled on other grounds*, Daniels
10 v. Williams, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged
11 wrong only if both of these elements are present. Haygood v. Younger, 769 F.2d 1350, 1354 (9th
12 Cir. 1985), *cert. denied*, 478 U.S. 1020 (1986).

13 Judges are entitled to absolute immunity for their actions while on the bench. Judges are
14 absolutely immune from damages for judicial acts taken within the jurisdiction of their courts.
15 Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir. 1986); Mullis v. United States Bankruptcy Court,
16 828 F.2d 1385, 1390 (9th Cir. 1987). Even grave procedural errors or acts in excess of judicial
17 authority do not deprive a judge of this immunity. Stump v. Sparkman, 435 U.S. 349, 355-57 (1973).
18 As long as the judge's ultimate acts are judicial actions taken within the court's subject matter
19 jurisdiction, immunity applies. Ashelman, 793 F.2d at 1078. Thus plaintiff may not maintain an
20 action for the alleged incorrect information in the opinion.

21 Further, plaintiff has not shown that any named defendant played any part in having this
22 information placed on the internet. Finally, the written opinion is a public document and the fact that
23 it is now available on the internet violates no duty owed the plaintiff. This action is FRIVOLOUS.

24 *In forma pauperis* complaints may be dismissed before service under 28 U.S.C. § 1915
25 (e)(2)(B)(ii). Neitzke v. Williams, 490 U.S. 319, 324 (1989). Leave to amend is not necessary
26 where it is clear that the deficiencies in the complaint cannot be cured by amendment. The action
27 should be **DISMISSED WITH PREJUDICE.** A proposed order accompanies this report and
28

REPORT AND RECOMMENDATION
Page - 2

recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **July 29th, 2005**, as noted in the caption.

DATED this 28th day of June, 2005.

Karen L. Strombom
United States Magistrate Judge